```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/2/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ALLIANCE IGP1 LLC, et al.,

                 Claimants,

  -against-

ARLENE KAZIO, D.C., et al.,

                 Respondents.
-----------------------------------------------------------------X

**ORDER ON MOTION
TO COMPEL
COMPLIANCE WITH SUBPOENA
ISSUED BY ARBITRATOR**

24-mc-437 (GHW) (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      In connection with a pending JAMS arbitration, Arbitrator Hon. Frank Maas (Ret.) issued a subpoena directing Dr. Gerald Vernon, a tenant of Old Bridge Spine & Wellness and non-party to the arbitration, to provide testimony at a deposition on October 9, 2024 and produce six categories of documents. The subpoena was served upon Dr. Vernon in New Jersey at his work address, but Dr. Vernon failed to produce documents in response to the subpoena. Further, according to Plaintiff's counsel at the case management conference held on December 2, 2024, the hearing for which Dr. Vernon's testimony was sought has already been conducted and Dr. Vernon did not appear as requested. Nonetheless, Plaintiff's counsel represented to the Court at the conference that the documents sought are still needed in connection with the pending arbitration.

      The Second Circuit has held that Section 7 requires a basis for subject matter jurisdiction independent from the Federal Arbitration Act ("FAA"), such as diversity jurisdiction or federal question jurisdiction. *Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567, 572 (2d Cir. 2005).[1] It

---

[1] Similarly, there must be a basis for jurisdiction independent from the FAA for petitions brought under Section 9 and 10 of the FAA. *Perpetual Sec., Inc. v. Tang,* 290 F.3d 132, 136–40 (2d Cir. 2002).

appears that the underlying dispute involves a breach of contract and specifies that the substantive law of New Jersey applies. (ECF No. 8-1) However, Petitioner has not provided the Court with its basis for jurisdiction. It is unclear whether the parties to this action are in fact diverse or whether there is some other basis for jurisdiction. Accordingly, the Court requires Petitioner to demonstrate subject matter jurisdiction before ruling on the motion.

Even assuming the Court has subject matter jurisdiction, there is another issue with the motion to compel enforcement of the subpoena. "An arbitrator's subpoena authority over entities that are not contractually bound by the arbitration agreement, such as nonparties, is strictly limited to that granted by the Federal Arbitration Act . . ." *Campaign Registry, Inc. v. Tarone*, 24 Civ. 2314, 2024 WL 3105524, *2 (S.D.N.Y. June 24, 2024) (quoting *Rembrandt Vision Tech.'s L.P. v. Bausch & Lomb, Inc.*, No. 1:11-cv-2829, 2011 WL 13319343, at *2 (N.D. Ga. Oct. 7, 2011)); *Life Receivables Tr. v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 218 (2d Cir. 2008)). The FAA empowers arbitrators to issue subpoenas to attend a hearing before them as a witness and to bring documents to the hearing. 9 U.S.C. § 7. The subpoena must be signed by the arbitrator and served in the same manner as a subpoena issued under Federal Rule of Civil Procedure 45 ("Rule 45"). *Id*. If the recipient of the subpoena refuses to comply, a petition may be brought in the U.S. District Court for the district in which the arbitrator is sitting to compel attendance before the arbitrator.[2]

Notably, Section 7 of the FAA does not give arbitrators "the power to compel non-parties to participate in depositions or other forms of pre-hearing discovery outside the presence of the arbitrators." *Odfjell Asa et al. v. Celanese AG et al.*, 348 F. Supp. 2d 283, 285

---

[2] It appears that the underlying arbitration is pending in JAMS New York. (ECF No. 8-1)

(S.D.N.Y. 2004) (quoting *Odfjell ASA et al. v. Celanese AG et al.,* 328 F. Supp. 2d 505 (S.D.N.Y. 2004)).  At least one court in this district has refused to enforce an arbitration subpoena issued on a non-party to the arbitration because it commanded pre-hearing discovery.  *Odfjell ASA*, 348 F. Supp. 2d at 287; *see also Stolt-nielsen SA*, 430 F.3d at 579 (approving reasoning of *Odfjell* but addressing issue of whether subpoena was issued providing evidence to the arbitrator and noting that the only requirement of Section 7 is that the subpoena require the non-party to appear before the arbitrators or any of them).  Here, the subpoena appears to have required pre-hearing discovery and did not require Dr. Vernon to appear before the arbitrator.  Thus, it is not enforceable in this Court.

Accordingly, the Court hereby terminates the motion and directs Petitioners to provide the Court with the basis for subject matter jurisdiction in this action **by December 10, 2024**.

**SO ORDERED.**

Dated: December 2, 2024
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge